**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TONY BRADLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PEPSICO, INC., and ) <br> SVC MANUFACTURING, INC., ) <br> ) <br> Defendants. ) | Civil Action Number: <br><br> Jury Trial Demanded |

## COMPLAINT

COMES NOW Plaintiff Tony Bradley (hereinafter "Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendant PEPSICO, INC. ("Pepsico") and Defendant SVC MANUFACTURING, INC. ("SVC") (collectively "Defendants") on behalf of himself, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

**INTRODUCTION**

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically provisions of the FLSA found at § 216(b) to

remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff of his overtime wages.

2. Plaintiff was employed full time by Defendants as an hourly paid line technician for production of the consumer drink Gatorade from on or about February 21, 2017 through on or about June 10, 2022 when his employment was unlawfully terminated by Defendants.

3. In January of 2020 Plaintiff's title was an Operations Tech Line IV – Filler.

4. Plaintiff at various times also performed additional duties including Sunday Startups and Clean in Place (CIP) activities.

5. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

6. During the employment of Plaintiff Defendants willfully reduced the number of hours Plaintiff actually worked.

7. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

9. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

10. Plaintiff Tony Bradley resides in Atlanta, Georgia and is a citizen of the United States and submits to the jurisdiction of this court.

11. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States.

12. Plaintiff is further covered by §§ 203, 207, and 215 of the FLSA for the period in which he was employed by Defendants.

13. Defendant Pepsico is a Foreign Profit Corporation formed under the laws of the State of North Carolina and owns and operates and operates plants for the production of the consumer drink Gatorade.

14. Defendant SVC is a Foreign Profit Corporation formed under the laws of the State of North Carolina and owns and operates plants for the production of the consumer drink Gatorade.

15. Defendants conduct business within this State and District.

16. Defendants maintained either actual or constructive control, oversight and direction of Defendants' plant located at 1365 Westgate Parkway Atlanta, Georgia 30336 (hereinafter "Defendants' Plant"), at which Plaintiff was employed, including the employment and pay and other practices of that operation.

17. Defendant Pepsico is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, C T CORPORATION SYSTEM at 289 S Culver St, Lawrenceville, GA, 30046-4805.

18. Defendant SVC is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, C T CORPORATION SYSTEM at 289 S Culver St, Lawrenceville, GA, 30046-4805.

19. At all times material to this action, Defendant Pepsico was an enterprise engaged in commerce or in the production of goods for commerce as defined by §

203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

20. At all times material to this action, Defendant SVC was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

21. At all times material to this action, Defendant Pepsico was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

22. At all times material to this action, Defendant SVC was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA

23. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

**FACTUAL ALLEGATIONS**

24. Beginning in approximately February of 2017 Plaintiff became a full time hourly line technician for Defendants at Defendants' Plant.

25. At all times relevant to when Plaintiff was employed as an hourly employee by Defendants, Plaintiff was at times required to work in excess of forty (40) hours a week.

26. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

27. At all times relevant to this action, Defendants had a policy and/or practice of not compensating Plaintiff for all time actually worked in excess of 40 hours per week on a basis of one and one-half times the wage at which he was by law required.

28. At all times relevant to this action, Defendants would manipulate the work time records for Plaintiff to reduce for pay purposes the number of hours he actually worked in a work week.

29. At all times relevant to this action Defendants would require Plaintiff to work hours off the clock.

30. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

31. Defendants are liable to Plaintiff for compensation for any and all time he actually worked in excess of 40 hours per week at the rate of at least one and one-half times the wage at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203, and 207.

32. On numerous occasions throughout his employment Plaintiff complained about his wages including the following:

    a. First asked about retro monies owed for unpaid wages in 2019 when talked with Matt who was then Plant Production Manager.

    b. Talked with Matt numerous times in the early part of 2020 and on 4/2/2021, 4/11/2021, 4/16/2021 he had adjustments put on Plaintiff's pay checks for 2019 and 2020 with no detailed information for amounts less than the unpaid wages.

    c. In 2021 talked with Matt again complaining about wages owed.

    d. Talked to the finance supervisor Leon as well as several individuals on the management staff throughout the three year period of 2020, 2021, 2022 about wages unpaid for hours worked.

    e. Other individuals on the management staff informed of unpaid wages for hours worked included (all dates estimated):

        i. Clement Ofor - shift lead         2020 Several times

        ii. Terrell - shift supervisor       2022 weekly

        iii. Josh - TPM Manager              7/11/2021

        iv. Kerry Hale - Sugar and recycling  6/19/2021

        v. Johnathan LaFayette - Shift Manager   2/7/2022

    vi. Harold Wright - Plant production Manager  3/25/2022

    vii. Curtis Plant Production Manager  2022 weekly

    viii. Matt Ervin - Plant Production Manager    2019, Jan/2020, June/Aug/Sept 2021, Jan 7, Jan 18 2022

    ix. Ashley Hathaway - HR Manager         Jan 7 2022, March 16 2022, May 6,16,2022 May 25 2022 - Group phone chat

    x. Randy Hayes Plant Director       Jan 2020, Aug 2020, April 2021, Oct 2021, Nov 2021, Dec 2021, Feb 2 2022, Feb 22 2022, April 15 2022, May 1 2022, May 18 2022

    xi. Dominic  Pepsi Homeland Security May 25 2022 - Group phone chat

    xii. Benita Chin             May 25 2022 - Group phone chat

33. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

34. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

35. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

36. Plaintiff demands a jury trial.

## COUNT I

37. Plaintiff repeats and incorporates by reference paragraphs 1-36 herein.

38. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Plaintiff in accordance with §§ 203 and 207 of the FLSA.

39. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime wage compensation in accordance with §§ 203 and 207 of the FLSA.

40. Defendants have not made a good faith effort to comply with the FLSA with respect to their overtime compensation of Plaintiff.

41. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime wage compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and, pursuant to § 216(b) of the FLSA, prays for the following relief:

A.    That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

B.    That Plaintiff be awarded pre- and post-judgment interest;

C.    That Plaintiff be awarded reasonable attorneys' fees;

D.    That Plaintiff be awarded the costs and expenses of this action; and

E.    That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 13th day of February, 2023.

MARTIN & MARTIN, LLP

By: /s/ Thomas F. Martin
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595

Kimberly N. Martin
Kimberlymartinlaw@gmail.com
Georgia Bar No. 473410

MARTIN & MARTIN, LLP
Post Office Box 1070

Tucker, Georgia 30085-1070

770-344-7267